UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TERI HALL,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN WASHINGTON UNIVERSITY,<br><br>Defendant. | NO.  2:26-cv-02684<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMANDED** |

## I.    INTRODUCTION

1.1    Plaintiff, Teri Hall ("Hall" or "Plaintiff"), requests damages and attorneys' fees and costs for the wrongful conduct of her former employer, Western Washington University ("Western" or "Defendant").

COMPLAINT FOR DAMAGES - 1

**MBE LAW GROUP PLLC**
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

## II.    PARTIES

2.1    Plaintiff is an individual residing in Bellingham, Washington.

2.2    Defendant is a Washington State University that conducts business in Whatcom County and throughout Washington State.

2.3    Defendant is an "employer" subject to the Washington Law Against Discrimination (49.60 *et seq*.) and the Americans with Disabilities Act (42 U.S.C. §§ 12101-12117). At all relevant times Defendant employed more than 15 employees.

## III.    JURISDICTION AND VENUE

3.1    At all times material to this action, Defendant conducted business in Whatcom County, Washington.

3.2    All or a substantial portion of the acts complained of herein occurred in Whatcom County, Washington.

3.3    This action has been filed within the applicable statutory time periods.

3.4    Jurisdiction and venue are proper.

## IV.    FACTUAL BACKGROUND

4.1    Western employed Hall for approximately 13 years. From March 31, 2017 to April 2, 2025, Western employed Hall in a Program Specialist 3 position at the College of Business and Economics. By all accounts, Hall was a top performer and a valued, long-tenured employee.

4.2    During Hall's tenure as a Program Specialist 3 at the College of Business and Economics, Hall requested and received a reasonable accommodation to work from home. Hall's reasonable accommodation began in December 2022.

4.3    On March 3, 2025, Western informed Hall that it was eliminating her position of Program Specialist 3 at the College of Business and Economics.

COMPLAINT FOR DAMAGES - 2

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

4.4     On March 3, 2025, Hall met with Associate Director of Human Resource Operations Stephanie Norsby ("Norsby") to discuss accepting a Program Specialist 3 position at the Woodring College of Education. At that time, the Program Specialist 3 position at the Woodring College of Education was being staffed by a less tenured and less experienced employee named Kathryn McCabe ("McCabe").

4.5     On March 12, 2025, Peter Johnson ("Johnson"), Director of Certification and Teacher Education Admission and the supervisor to the Program Specialist 3 at the Woodring College of Education, emailed Liz Parkes ("Parkes"), Assistant Vice President of Human Resources, and expressed "significant concerns" about allowing Hall to accept the position of Program Specialist 3 at the Woodring College of Education.

4.6     On March 13, 2025, Kevin Roxas ("Roxas"), Dean of the Woodring College of Education, similarly expressed strong opposition to allowing Hall to accept the Program Specialist 3 position at the Woodring College of Education.

4.7     On March 19, 2025, Parkes and Johnson met with Hall to discuss the new role in more detail. During that meeting, Parkes emphasized that 15% of the Program Specialist 3 position's essential functions required in-person fingerprinting duties.

4.8     Hall explained to both Parkes and Johnson that she could only perform remote work due to disability. Hall similarly explained that she had a reasonable accommodation to work remotely and that the accommodation had been in place at Western since 2022. Hall asked if another employee could do the fingerprinting portion of the position. Both Parkes and Johnson emphatically said "no" even though another employee, Susan Murron ("Murron"), had already been trained to fingerprint onsite.

4.9     At the conclusion of their meeting, Parkes asked Hall to decide whether she wanted to accept the position of Program Specialist 3 at the Woodring College of Education

COMPLAINT FOR DAMAGES - 3

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

and begin the interactive disability process. Parkes told Hall that she needed to make a decision by March 28, 2025.

4.10    On March 28, 2025, Hall accepted the position of Program Specialist 3 at the Woodring College of Education.

4.11    On April 1, 2025, Medical Leave and Accommodation Administrator Lisa Hill ("Hill") spoke with Hall about supplying new medical documentation to establish the need for Hall's reasonable disability accommodation.

4.12    On April 3, 2025, Hall's medical provider supplied Western with updated medical documentation establishing both the permanence of Hall's disability and the continued need for remote work as a reasonable accommodation.

4.13    During Hall's interactive process with Western, McCabe continued to perform all of the essential functions of the Program Specialist 3 position at the Woodring College of Education. Hall was not permitted to perform any of the essential functions of the Program Specialist 3 position at the Woodring College of Education.

4.14    On April 11, 2025, Western denied Hall's reasonable request for remote work accommodation due to the position's onsite fingerprinting requirements – which Western deemed an essential function of the job.

4.15    Between April 11, 2025 and May 28, 2025, Western identified a number of alternative positions that Hall could potentially accept in place of the Program Specialist 3 position at the Woodring College of Education – the position Hall had already accepted. Hall repeatedly cooperated with Western in attempting to locate a comparable position. Each position Hall expressed interest in, Western determined that it could not accommodate Hall and/or that she was otherwise not qualified for the position.

COMPLAINT FOR DAMAGES - 4

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

4.16    On May 28, 2025, Western terminated Hall's employment from the Program Specialist 3 position at the Woodring College of Education due to inability to accommodate Hall's disability. McCabe, therefore, remained in the position.

4.17    At the time of Hall's termination, Hall was 63 years old. McCabe, in comparison, was in her thirties and pregnant with her second child.

4.18    In or around August 2025, McCabe took maternity leave. At that time, McCabe's fingerprinting duties were transferred to Murron – something Western refused to do for Hall.

4.19    On information and belief, Murron continued to perform onsite fingerprinting duties even after McCabe returned to Western from maternity leave.

4.20    Western's failure to meaningfully engage in the interactive process or approve Hall's reasonable request for accommodation was malicious and evidences a deliberate indifference to Hall's state and federally protected rights.

4.21    As a result of Western's discriminatory treatment, Hall suffered great emotional and financial distress.

4.22    On October 16, 2025, Hall filed a Charge of Discrimination with the Washington State Human Rights Commission ("WSHRC"), which dual filed with the Equal Employment Opportunity Commission ("EEOC"), and alleged disability discrimination based on both Western's failure to accommodate Hall's disability and for the discriminatory termination of Hall's employment from the Program Specialist 3 position at the Woodring College of Education.

4.23    On May 28, 2026, Hall supplied Western with notice of her tort claim.

4.24    On June 9, 2026, the EEOC issued Hall a Right to Sue Notice ("RTS").

COMPLAINT FOR DAMAGES - 5

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Disability Discrimination – Disparate Treatment – RCW 49.60 *et seq*.)**

5.1    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.24 above.

5.2    Plaintiff suffered a physical impairment constituting a disability under the Washington Law Against Discrimination, RCW 49.60 *et seq*. ("WLAD"). At all relevant times, Plaintiff was a qualified individual capable of performing the essential functions of her position with accommodation.

5.3    Defendant discriminated against Plaintiff on the basis of her disability by refusing to grant her accommodation request and by ending Plaintiff's employment when similarly situated non-disabled employees were treated more favorably and/or retained. The above facts give rise to claims against Defendant for violations of the WLAD.

5.4    As a result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, in amounts to be determined at trial.

### SECOND CAUSE OF ACTION
**(Disability Discrimination – Failure to Accommodate – RCW 49.60 *et seq*.)**

5.5    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 5.4 above.

5.6    Plaintiff suffered a physical impairment constituting a disability under the the WLAD. Plaintiff requested a reasonable accommodation related to her disability. At all relevant times, Plaintiff was a qualified individual capable of performing the essential functions of her position with accommodation.

5.7    Defendant refused to meaningfully engage in the interactive process and to grant Plaintiff's reasonable request for disability accommodation.

COMPLAINT FOR DAMAGES - 6

**MBE LAW GROUP PLLC**
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

5.8     As a result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, in amounts to be determined at trial.

### THIRD CAUSE OF ACTION
**(Disability Discrimination – Disparate Treatment -  42 U.S.C. 12112(a))**

5.9     Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 5.8 above.

5.10    Plaintiff suffered a physical impairment constituting a disability under the Americans with Disabilities Act, 42 U.S.C. 12101-12117 ("ADA"). At all relevant times, Plaintiff was a qualified individual capable of performing the essential functions of her position with accommodation.

5.11    Defendant discriminated against Plaintiff on the basis of her disability by refusing to honor her accommodation request and by ending Plaintiff's employment when similarly situated non-disabled employees were treated more favorably and/or retained. The above facts give rise to claims against Defendant for violations of the ADA.

5.12    As a result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, in amounts to be determined at trial

### FOURTH CAUSE OF ACTION
**(Disability Discrimination – Failure to Accommodate -  42 U.S.C. 12112(b)(5)(A))**

5.13    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 5.12 above.

5.14    Plaintiff suffered a physical impairment constituting a disability under the the ADA. Plaintiff requested a reasonable accommodation related to her disability. At all relevant times, Plaintiff was a qualified individual capable of performing the essential functions of her position with accommodation.

5.15    Defendant refused to meaningfully engage in the interactive process and to grant Plaintiff's reasonable request for disability accommodation.

COMPLAINT FOR DAMAGES - 7

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

5.16    As a result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, in amounts to be determined at trial.

### FIFTH CAUSE OF ACTION
**(Age Discrimination – Disparate Treatment – RCW 49.60 *et seq*. and RCW 49.44.090)**

5.17    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 5.16 above.

5.18    Defendant discriminated against Plaintiff on the basis of her age by terminating Plaintiff's employment in favor of retaining a significantly younger, less experienced employee. The above facts give rise to claims against Defendant for violations of the WLAD.

5.19    As a result of Defendant's actions, Plaintiff has suffered damages, including emotional distress, in amounts to be determined at trial.

### VI.    PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant for the following:

a.    Emotional distress damages for pain and suffering;

b.    Compensation for the tax consequences associated with a damages award;

c.    Attorneys' fees and costs pursuant to any applicable statutes; and

d.    Any further and additional relief that the court deems just and equitable.

DATED this 30th day of July, 2026.

MBE LAW GROUP PLLC

s/ *Lisa Burke*
Lisa Burke, WSBA No. 42859

COMPLAINT FOR DAMAGES - 8

MBE LAW GROUP PLLC
1700 Seventh Ave, Suite 2100
Seattle, Washington  98101
(206) 400-7722

s/ David Martin\
David Martin, WSBA No. 38325

1700 Seventh Ave., Suite 2100\
Seattle, WA  98101\
Telephone: 206.400.7722\
Facsimile: 206.400.7742\
Email:  lburke@mbelg.com

*Attorneys for Plaintiff Hall*

COMPLAINT FOR DAMAGES - 9